```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION


EDWARD LEE COX,                     :
                                    :
     Plaintiff,                     :
                                    :
v.                                  :     CIVIL ACTION 05-0526-M
                                    :
BFS RETAIL AND COMMERCIAL           :
OPERATIONS, LLC., et al.,           :
                                    :
     Defendants.                    :
```

MEMORANDUM OPINION AND ORDER

This action comes before the Court on Defendant BFS Retail and Commercial Operations, LLC.'s (hereinafter *Firestone*) Motion for Summary Judgment (Docs. 49-52).  Jurisdiction has been invoked in this Court under 28 U.S.C. § 1332.  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 48).  After consideration, Firestone's motion is **GRANTED**.

The facts, briefly, are as follows.  On August 12, 2003, Joshua Newell, who is not a party to this action, stopped at a Firestone Store at Airport and Bel Air Boulevards in Mobile, Alabama, put his truck in park, left the engine running, and went inside to get an estimate on a set of tires (Doc. 51, Exhibit A [Newell Depo.], pp. 7-9).  While Newell was inside, Plaintiff

Edward Lee Cox and Dante Robinson, Cox's son and co-worker, pulled into the Firestone Store parking lot and parked their van; Cox and Robinson were there to provide services to Firestone as employees of Al Howze Carpet and Cleaning (*see* Doc. 50, p. 3, ¶ 5; *cf.* Doc. 51, Exhibit B [Cox Depo.], pp. 14, 51-52, 59, 67-68, 70).  Plaintiff's boss, Al Howze, arrived in his van at Firestone at the same time as Cox and parked next to him (Cox Depo. at pp. 69-70).  Cox and his boss went inside to see what cleaning the floors required; though Howze remained inside, Plaintiff went back to the van where he and Robinson began unloading cleaning equipment (Cox. Depo. at pp. 72-74).  Robinson carried some of the equipment inside (Cox. Depo. at p. 74).  While Cox was still unloading equipment, he was hit by Newell's vehicle (Cox Depo. at p. 80, 82).  Plaintiff was taken to the University of South Alabama emergency room and stayed at the hospital for two and a half days (Cox. Depo. at pp. 99, 102).  Cox reached a settlement with the vehicle driver for fifty thousand dollars which covered his medical bills and left a balance of approximately thirteen thousand dollars (Cox. Depo. at pp. 41-42).

    Plaintiff initiated this action in the Mobile County Circuit Court on July 23, 2005 against Firestone and Defendant Ted Stuckey, seeking compensatory and punitive damages for, *inter alia,* mental anguish and lost wages (Doc. 1, Exhibit C). Firestone removed this action on September 14, 2005, asserting

diversity jurisdiction under 28 U.S.C. § 1332 while claiming that Defendant Stuckey had been fraudulently joined as a party to defeat jurisdiction (Doc. 1).  Plaintiff has challenged neither the assertion of jurisdiction in this Court nor the claim that Stuckey was fraudulently joined.  On August 18, 2006, Firestone filed a Motion for Summary Judgment (Docs. 49-52); Cox has Responded to the Motion (Docs. 54-55) to which Firestone has Replied (Doc. 56).

The Rules of Civil Procedure, in discussing summary judgment, state that

> an adverse party [to a motion for summary judgment] may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e); *see also Celotex Corporation v. Catrett*, 477 U.S. 317, 325-27 (1986).  The Court further bears in mind, with regard to the motion for summary judgment, that "there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable or is not significantly probative, summary judgment may be granted."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted).

Summary judgment may be granted against a party who fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *Id.*

Firestone has asserted that its liability to Cox, under Alabama law,[1] is as follows:

> A store owner's duty is well-established. That duty is "to exercise reasonable care to provide and maintain reasonably safe premises for the use of his customers." *Maddox v. K-Mart Corp.*, 565 So.2d 14, 16 (Ala. 1990). Consequently, injured "plaintiffs must prove that the injury was proximately caused by the negligence of [the store owner] or one of its servants or employees.  Actual or constructive notice of the presence of the substance [or instrumentality that caused the injury] must be proven before [the store owner] can be held responsible for the injury." *Id.*

*Dolgencorp, Inc. v. Hall*, 890 So.2d 98, 100 (Ala. 2003) (quoting *Denmark v. Mercantile Stores Co.*, 844 So.2d 1189, 1192 (Ala. 2002)).  Though Plaintiff has pointed to other cases to describe Firestone's duty, he has not disputed the authority of *Dolgencorp* (*see* Doc. 54, pp. 3-5).  Therefore, the Court will use *Dolgencorp* as the measure of Plaintiff's evidence.

Cox has focused this Court's attention on the disputed material facts arising out of the accident.  The main thrust of

---

[1] In this action, Alabama law controls.  *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

Plaintiff's argument is focused on where Newell parked his truck (Doc. 54, pp. 3-4).  Where the truck was parked is important because Cox needs to establish that the truck became Firestone's responsibility in order to recover against Defendant.

Newell testified that he parked in front of one of the bays (Newell Depo., p. 8); the police report states that Newell said that he had pulled into the bay (Doc. 55, Exhibit F).  Cox testified that the truck was in one of the service bays (Cox Depo., pp. 80-81, 87).  Firestone employee Ellis, in a report to the police shortly after the accident, stated that Newell had "pulled his truck into the bay" (Doc. 55, Exhibit E; *see also* Doc. 54, p. 2).  In deposition, however, Ellis indicated that he was not sure that the truck was in the bay; his testimony seems to reflect that it both was and was not there (Ellis Depo., pp. 20-23, 27, 33, and 35).  Cox's son, Dante Robinson, testified that Newell had pulled into the bay (Doc. 55, Exhibit C [Robinson Depo.], p. 14).[2]

The Court finds that Plaintiff has established a question of fact as to whether Newell's truck was parked within the service area of Defendant's store.  That leads this Court to a discussion of whether or not Firestone became responsible for Newell's car

---

[2]Defendant has asserted that the Court should disregard the deposition testimony of Dante Robinson as it "is so different from that of all other witnesses' testimonies" (Doc. 50, p. 3 n.1).  Though noting inconsistencies not set out herein, the Court is reluctant to ignore the testimony altogether and declines to do so.

at any time.

Defendant has indicated, in its Reply brief, that it was not true that it was "a violation of Firestone's store policy for Newell to drive the vehicle into the bay and that Ellis was negligent in failing go ask Newell to remove his car" (Doc. 56, p. 3).  Defendant Ted Stuckey, Firestone manager on the day of the accident, testified that he had never seen "written policies and procedures about pulling into the service bay" (Doc. 55, Exhibit D [Stuckey Depo.], pp. 12, 31).  Stuckey further testified that in-store safety training was provided by the store manager, that there were no written guidelines associated with that training, and that it was, basically, on-the-job or hands-on training (Stuckey Depo. at pp. 35-36).

Plaintiff, however, has pointed to the testimony of Firestone employee Michael Ellis who stated that, in general, he had been instructed to put a vehicle in park when it was pulled into the shop (Doc. 55, Exhibit B [Ellis Depo.], p. 28).  Ellis further stated that once an order had been placed for a vehicle which was in the shop area, it became Firestone's responsibility; it was not, however, Firestone's responsibility until an order had been placed (Ellis Depo. at pp. 29-30).  Ellis testified that no employee, including himself, told Newell not to pull his vehicle into the shop (Ellis Depo. at p. 32).

The Court cannot say that Ellis's testimony provides the

liability that Plaintiff seeks.  Ellis stated that the vehicle was supposed to be in park; Newell testified that he placed his vehicle in park and no one has disputed that.  Ellis further testified that a vehicle only became Firestone's responsibility after a service order had been placed; Newell testified that he was not there to have any work done on his vehicle.  Cox has not shown otherwise.

Nevertheless, for the sake of fully exploring Plaintiff's claim and giving him every benefit of the doubt, the Court will continue to look at the proffered evidence, but focus now on causation.  As stated in *Dolgencorp*, Cox must show that it was Firestone's negligence which caused the injury; "actual or constructive notice of the presence of the substance [or instrumentality that caused the injury] must be proven before [the store owner] can be held responsible for the injury." *Dolgencorp,* 890 So.2d at 100.

Plaintiff has made the following argument:

> It's not necessary for the Defendant to know that the vehicle in question had a specified defect.  It is enough if the Defendant know or should have known of the danger of an unattended motor vehicle that has not had the ignition turned off and the brake set.  It is well known that such vehicles have been known to jump out of gear and move, causing injury, on many occasions.  There have been numerous recalls of vehicles which have been known to do so.

(Doc. 54, p. 4).  The Court notes that Cox cites no authority for his assertions.  He does, however, point to *Smitherman v. McCafferty*,[3] 622 So.2d 322, 324 (Ala. 1993), in which the Alabama Supreme Court stated that a court should consider several factors in determining whether a duty exists in a given situation; the key factor, however, was "whether the injury was foreseeable by the defendant."  In *Bush v. Alabama Power Company*, 457 So.2d 350, 355 (Ala. 1984),[4] the Alabama Supreme Court held that a landowner's duty arises if it knows of a danger that would be unknown to invitees onto the property.

Plaintiff has pointed to testimony of Employee Ellis as factual support for his causation argument.  Ellis stated that no more than three-to-five minutes lapsed after he first noticed that Newell's vehicle was in the shop and the time it hit Cox (Ellis Depo. at pp. 23, 33).  Ellis further stated that he did not go over to the vehicle to inspect and/or secure it (*id*. at p. 27).

To summarize the evidence of record, Cox has shown that Newell's vehicle, which hit and injured him, may have been in Firestone's bay when it went out of gear, that Employee Ellis

---

[3]*Smitherman* involved a grocery store assistant manager who was injured while pursuing a shoplifter out of his store; the action was against the shoplifter for injuries sustained during his apprehension.

[4]*Bush* involves two people who went to a tennis club who were injured when scaffolding they were pushing came into contact with uninsulated power lines overhead; the action was against the power company and the country club.

8

knew the vehicle was there for three-to-five minutes, and that he did nothing about it.  On the other hand, Cox has not shown that Ellis knew that the vehicle was running while it was in the bay, that it was foreseeable that the vehicle could go out of gear, or that Firestone had a policy against allowing customers to drive their vehicles into the Store's bays.  Plaintiff has also failed to show that Defendant became responsible for Newell's vehicle once it entered the Store bay.

The Court cannot say that Cox has met his burden under *Dolgencorp*.  Also, the Court cannot say that the foreseeability discussed in *Smitherman* or *Bush* gives rise to the liability Cox seeks against Firestone.  Though Plaintiff has, at best, established a tenuous factual claim, the same cannot be said for establishing legal liability.

After consideration of all pleadings and evidence of record, the Court finds that Plaintiff has failed to establish his claim of liability against Defendant Firestone.  Therefore, the Court finds that Defendant's Motion for Summary Judgment should be **GRANTED** (Docs. 49-52).

The Court previously noted that Firestone removed this action, asserting diversity jurisdiction while claiming that Defendant Stuckey had been fraudulently joined as a party to defeat jurisdiction; the Court further noted that Plaintiff had failed to challenge either assertion.  The Court now notes that

there is no evidence in the record to show that Defendant Stuckey has ever received service regarding this action; furthermore, he has never made an appearance in this action.

In light of Plaintiff's apparent concession that Stuckey is not a proper party to this action, and this Court's granting of Defendant Firestone's Motion for Summary Judgment, the Court finds it appropriate to dismiss this action.  This action is **DISMISSED** as to all claims and parties.  Judgment will be entered by separate order.

DONE this 5th day of October, 2006.

                                            s/BERT W. MILLING, JR.
                                            UNITED STATES MAGISTRATE JUDGE