```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION


EDWARD LEE COX,                   :
                                  :
     Plaintiff,                   :
                                  :
v.                                :    CIVIL ACTION 05-0526-M
                                  :
BFS RETAIL AND COMMERCIAL         :
OPERATIONS, LLC., et al.,         :
                                  :
     Defendants.                  :
```

MEMORANDUM OPINION AND ORDER

This action comes before the Court on Plaintiff Cox's Motion to Reconsider Granting of Summary Judgment (Doc. 61). Plaintiff's Motion is **DENIED**.

On October 5, 2006, this Court granted Defendant Firestone's Motion for Summary Judgment (Docs. 49-52), dismissed this action, and entered judgment in favor of Defendants BFS Retail and Commercial Operations, LLC. and Ted Stuckey and against Plaintiff Edward Lee Cox (Docs. 58-59). In its Memorandum, the Court summarized its finding as follows:

> Cox has shown that Newell's vehicle, which
> hit and injured him, may have been in
> Firestone's bay when it went out of gear,
> that Employee Ellis knew the vehicle was
> there for three-to-five minutes, and that he
> did nothing about it. On the other hand, Cox
> has not shown that Ellis knew that the
> vehicle was running while it was in the bay,
> that it was foreseeable that the vehicle
> could go out of gear, or that Firestone had a
> policy against allowing customers to drive

> their vehicles into the Store's bays.
> Plaintiff has also failed to show that
> Defendant became responsible for Newell's
> vehicle once it entered the Store bay.

(Doc. 58, pp. 8-9).  Plaintiff brings this Motion, making only one argument which is that "[t]he Court erred in finding as a matter of fact that there was no evidence that Firestone had a policy against allowing customers to drive their vehicles into the Store's bays" (Doc. 61, p. 1).  As support for this argument, Cox refers to the deposition testimonies of Michael Ellis and Ted Stuckey (Doc. 61, pp. 1-2).

With regard to Ellis's testimony, Cox admits that he mistakenly cited to the wrong deposition page of Employee Ellis (Doc. 61, p. 1).  The Court notes, however, that Plaintiff not only cited the wrong page, but did not include the deposition page in the original response to the Motion (Doc. 55, Exhibit B).  With regard to Stuckey's testimony, the Court notes that Cox failed to cite—or include—the pages now proffered as support for his argument in his original response to Defendant's Motion for Summary Judgment (*see* Doc. 54, p. 3; Doc. 55, Exhibit D; *cf.* Doc. 61, Stuckey Depo., pp. 17-18).  In other words, Cox now provides evidence not previously submitted for the Court's consideration.

The Eleventh Circuit has declared that "where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some

showing that the evidence was not available during the pendency of the motion." *Cumulus Media, Inc. v. Clear Channel Communications, Inc.*, 304 F.3d 1167, 1178 (11th Cir. 2002) (quoting *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997)).  Thus, the rule in this circuit is that "[a]dditional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration."  *Rossi v. Troy State University*, 330 F.Supp.2d 1240, 1249 (M.D. Ala. 2002), *affirmed*, 64 Fed.Appx. 743 (11th Cir. 2003) (denying motion to reconsider a motion for summary judgment where plaintiff failed to submit evidence in question prior to entry of order and failed to show good cause why he could not have done so).

The Court finds that Cox failed to submit the evidence now presented in a timely fashion.  It could—and should—have been submitted with Plaintiff's Response to Defendant's Motion for Summary Judgment.  Furthermore, Cox has not shown good cause why the evidence was not submitted in a timely fashion; the Court further notes that good cause would be very difficult—if not impossible—to demonstrate in this action as the submitted evidence existed at the time Plaintiff filed his response.[1]

Therefore, Plaintiff's Motion for Reconsideration is **DENIED**

---

[1] The Court knows that the evidence existed because Cox previously submitted testimony—albeit different—from the same depositions which Plaintiff now submits as proof.

3

(Doc. 61).  The Court **REAFFIRMS** its previous findings that Defendant's Motion for Summary Judgment should be granted and that judgment should be entered in favor of the Defendants and against Plaintiff on all claims.

DONE this 17th day of October, 2006.

                                                  s/BERT W. MILLING, JR.
                                                  UNITED STATES MAGISTRATE JUDGE